IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EFRAT MASSRE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>TRANS-CONTINENTAL CREDIT & COLLECTION CORP.  and JOHN DOES 1-25,<br><br><br>Defendant. | Civil Case Number: _____<br><br><u>CIVIL ACTION</u><br><br>CLASS COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, EFRAT MASSRE (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant TRANS-CONTINENTAL CREDIT & COLLECTION CORP. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws .

1

. . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a New York class seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, County of Kings, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency that focuses on debt collection with its principal office located at 44 South Broadway, #401, White Plains, New York 10601 and a mailing address of PO Box 5055, White Plains, New York 10602.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    All consumers with an address in the state of New York who received a collection letter from the Defendant attempting to collect a debt or alleged debt that used false representation or deceptive means.

14. The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all

members is impracticable because there are hundreds and/or thousands of persons who have received debt collection voicemails from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form voicemail notice;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient

adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

17. Some time prior to February 9, 2016, an obligation was allegedly incurred to the original creditor Jersey Shore University Medical Center. ("JSUMC")

18. The JSUMC obligation arose out of a provision of medical services, which is a transaction in which money, property, insurance or services, which are the subject of the transaction,

are primarily for personal, family or household purposes.

19. The alleged JSUMC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. JUSMC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. Defendant contends that the JSUMC debt is past due.

22. Some point prior to February 9, 2016, the JSUMC debt was sold, consigned, or otherwise transferred to the Defendant for collections.

23. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

24. On or about February 9, 2016, the Defendant caused to be delivered to the Plaintiff a letter in an attempt to collect the alleged JSUMC debt. *See* **Exhibit A.**

25. The February 9, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

26. The February 9, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27. Said letter stated in part:

**LETS FACE FACTS GOOD CREDIT IS IMPORTANT TO YOU**

28. Said letter states in part:

> **"STORES, BANKS, CREDIT CARD COMPANIES USUALLY DRAW CREDIT REPORTS WHEN AUTHORIZING CREDIT. UNLESS THIS BILL IS CLEARED BY RETURN MAIL, WE WILL BE OBLIGATED TO RECOMMEND TO OUR CLIENT THAT IT REPORT THIS DEBT TO THE VARIOUS CREDIT BUREAUS FOR GENERAL DISTRIBTUION AND AVAILABLITY. THIS CAN HURT YOUR ABILITY TO OBTAIN CREDIT FOR YEARS."**

29. The Plaintiff as a least sophisticated consumer would construe the above statements to imply that if he does not pay this alleged debt his future ability to obtain credit and a good

6

credit standing will be jeopardized.

30. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

31. In enacting the FDCPA, the Senate addressed collection abuses they observed, specifically from debt collectors who would obtain information about a consumer through false pretense.

32. By stating that non-payment of this alleged debt could hurt the Plaintiff's ability to obtain credit for years, the Defendant caused the Plaintiff a risk of real harm in that the Plaintiff would not know whether or not his future ability to obtain credit would be harmed.

33. Defendant's violations of the FDCPA further harmed the Plaintiff by subjecting the Plaintiff to improper and deceptive collection practices, in violation of the Plaintiff's statutorily created substantive rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

34. In addition, any information later obtained by the Defendant is analogous to intrusion upon seclusion which is a violation at common law.

35. The Supreme Court has held that plaintiffs have standing to sue for failure to provide access to information required by law. *Spokeo v. Robins* 136 S. Ct. 1541, 2016 WL 2842447 at *8 (May 16, 2016).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. §1692e(10), a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

39. Defendant violated said section by:

    - Deceptively stating that paying this bill would help Plaintiff's credit score
    - Deceptively stating that by not paying this bill that it would negatively impact Plaintiff's ability to obtain credit.

40. Pursuant to 15 U.S.C. §1692e(5), a debt collector may not threaten to take any action that they did not intend to be taken.

41. Defendant violated said section by falsely threatening to credit report this alleged debt.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Marcus & Zelman, LLC, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 20, 2017                    */s/ Yitzchak Zelman*
                                           Yitzchak Zelman, Esq.

                                           MARCUS & ZELMAN, LLC
                                           1500 Allaire Avenue, Suite 101
                                           Ocean, New Jersey 07712
                                           (732) 695-3282 telephone
                                           (732) 298-6256 facsimile
                                           ari@marcuszelman.com
                                           *Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 20, 2017                    */s/ Yitzchak Zelman*
                                           Yitzchak Zelman, Esq.